FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2023-2455
LT Case No. 2022-11189-CIDL

_____

ROBERT BALDWIN,

    Appellant,

    v.

LABORATORY CORPORATION
OF AMERICA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Kathryn D. Weston, Judge.

Brian P. Parker, of The Law Offices of Brian P. Parker, PC,
Tioga, for Appellant.

Robert R. Hearn and Daniella R. Lee, of Epstein Becker & Green,
P.C., Tampa, for Appellee.


September 27, 2024

SOUD, J.

    Appellant Robert Baldwin appeals the trial court's order
dismissing with prejudice his second amended complaint, which
brought a purported class action against Appellee Laboratory
Corporation of America for alleged violation(s) of the Florida
Consumer Collection Practices Act. *See* §§ 559.55–559.785, Fla.

Stat. (2022). We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We reverse, concluding the trial court erred in dismissing the case based on an incorrect interpretation of section 559.72(3), Florida Statutes.

I.

Baldwin had medical lab work performed at Labcorp's facility in DeLand, Florida. Thereafter, Labcorp sent Baldwin a bill for $321. Baldwin contends he paid the bill. Labcorp claims the bill remains due and owing.

Baldwin filed suit against Labcorp after it attempted to collect the monies owed. In his complaint, Baldwin alleged that Labcorp sent a notice advising him "Immediate Payment Required." The notice further cautioned Baldwin, "Failure to pay the past due amount will result in referral to a Third Party Collection Agency and potentially affect your credit score." Upon receipt thereof, he sent Labcorp a letter via certified mail disputing any outstanding balance. Thereafter, Labcorp sent Baldwin a "Final Notice" that stated in part:

> This communication will serve as a FINAL DEMAND for payment. . . . The balance due on this account remains unpaid.
>
> Unless Labcorp receives full payment within 20 days, your account will be referred to an outside collections agency. We will authorize the agency to report any delinquent balance to the credit bureaus.
>
> . . . .
>
> YOUR PAYMENT IS DUE NOW.
>
> . . . .
>
> PROTECT YOUR CREDIT HISTORY AND ACT IMMEDIATELY.

As a result of these alleged debt collection efforts, Baldwin brought the underlying cause of action[1] claiming that Labcorp violated section 559.72(3), Florida Statutes, by "threatening" in its notice to disclose the debt to a third party without also notifying him of his right to have the dispute disclosed as well.

Labcorp moved to dismiss the case with prejudice because Baldwin failed to allege it knew the debt was "reasonably disputed," which Labcorp argued was necessary under section 559.72(6), Florida Statutes, to trigger its responsibility under subsection (3) to inform Baldwin that his dispute would accompany any report to a third party. The trial court agreed, granted Labcorp's motion, and dismissed the case with prejudice concluding Baldwin failed to state a cause of action despite multiple amendments to his complaint. This appeal followed.

## II.

The trial court's dismissal of this case, requiring the interpretation of Florida Statutes, presents a pure question of law. Thus, our review is de novo. *See Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 323 (Fla. 2022); *see also U.S. Bank Nat'l Ass'n on Behalf of Ajax Mortg. Loan Tr. 2018-B Mortg.-Backed Notes v. Vadney*, 387 So. 3d 441, 444 (Fla. 5th DCA 2024).

Of course, "[t]he purpose of a motion to dismiss is to test the legal sufficiency of a complaint." *Hernando County v. Hernando Cnty. Fair Ass'n, Inc.*, 385 So. 3d 668, 670 (Fla. 5th DCA 2024). When considering a motion to dismiss, the trial court must look no further than the four corners of the complaint (including the attachments thereto), accept all allegations of the complaint as

---

[1] Section 559.77(1), Florida Statutes, authorizes civil actions for violations of the Florida Consumer Collection Practices Act. *See Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 321 (Fla. 2022). Section 559.77(2) permits a prevailing plaintiff to recover "actual damages" and "additional statutory damages" not exceeding $1,000. Punitive damages and other equitable relief are also available. *See id.*

3

true, and construe all reasonable inferences from the allegations in favor of the plaintiff as the non-moving party. *See id.*

Here, Baldwin argues that the trial court dismissed his claim based on an erroneous interpretation of section 559.72(3). More specifically, the trial court determined that section 559.72(3) did not require Labcorp to advise Baldwin of his statutory right to have his dispute communicated along with the reporting of the debt unless Labcorp knew the debt was reasonably disputed, as contemplated by 559.72(6). As a result, Baldwin was required to allege that Labcorp knew he reasonably disputed the debt before he could state a cause of action for a violation of section 559.72(3). Baldwin argues the trial court's interpretation of section 559.72(3) was error. We agree.

## A.

The Florida Consumer Collection Practices Act was enacted "to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200–01 (Fla. 1976). In proscribing certain conduct by debt collectors, the purpose of the Act is clear—to afford statutory protections to consumer debtors. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("The FCCPA unequivocally states its goal—to provide the consumer with the most protection possible under either the state or federal statute."); *see also* § 559.552, Fla. Stat. ("In the event of any inconsistency between any provision of this part and any provision of the federal [Fair Debt Collection Practices Act], the provision which is *more protective* of the consumer or debtor shall prevail." (emphasis added)).

To effectuate this purpose, section 559.72 prohibits numerous debt-collection practices. Pertinent here, subsection (3) forbids a debt collector from telling "a debtor who disputes a consumer debt" that the collector will disclose information affecting the debtor's creditworthiness without also notifying the debtor that the existence of the dispute will also be disclosed "as required by subsection (6)." *See* § 559.72(3), Fla. Stat. Subsection (6) mandates that a debt collector shall not "[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." § 559.72(6), Fla. Stat.

4

Based on this language of subsection (6), Labcorp argued below, as it argues here, that it had to know Baldwin's dispute was reasonable before it was required by subsection (3) to notify Baldwin that any disclosure to a collections agency would be accompanied by the disclosure of his dispute. Labcorp's argument fails.

B.

In deciding this case, which requires us to interpret section 559.72(3), Florida Statutes, we first look to the text of the statute. In doing so, "our task is to give effect to the words that the legislature has employed in the statutory text. The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Davis*, 339 So. 3d at 323 (quoting *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)) (internal quotation marks omitted). Our objective "is to arrive at a 'fair reading' of the text by 'determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.'" *Ham*, 308 So. 3d at 947 (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)).

A "fundamental principle of statutory construction (and, indeed, of language itself) [is] that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Davis*, 339 So. 3d at 324. "Context is a primary determinant of meaning." *Id.* (quoting Scalia & Garner, *Reading Law* at 167.) "[P]roper interpretation requires consideration of the entire text, in view of its structure and of the physical and logical relation of its many parts." *Id.* (internal quotation marks omitted).

1.

Section 559.72(3) specifically requires:

> In collecting consumer debts, no person shall . . . *[t]ell a debtor who disputes a consumer debt* that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's

5

reputation for credit worthiness *without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6).*

§ 559.72(3), Fla. Stat. (emphasis added). Pertinent to our analysis, subsection (6) provides in part:

In collecting consumer debts, no person shall . . . *[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*

§ 559.72(6), Fla. Stat. (emphasis added).

Thus, it is important to note—the plain text of each subsection makes clear that section 559.72(3) governs Labcorp's communication with "*a debtor who disputes a consumer debt,*" while subsection (6) governs Labcorp's communications with *third parties*, such as a collections agency. It is of equal importance that Baldwin alleged Labcorp violated subsection (3) in its communications to him. Baldwin makes no claim Labcorp violated subsection (6) in communications to third parties.

The debtors contemplated in subsection (3) are not limited to those who are known to "reasonably" dispute a debt. Rather, subsection (3) applies more broadly to "a debtor who disputes a consumer debt." *See* § 559.72(3), Fla. Stat. Thus, under this subsection, which governs Labcorp's communications with a debtor such as Baldwin, when Labcorp attempts to collect a debt and advises the debtor that it will disclose debt-related information to a third party (such as it did in the notices Baldwin received), it must also "inform[] the debtor that the existence of the dispute will also be disclosed as required by subsection (6)." *See id.*

The clause "as required by subsection (6)" does not incorporate any substantive requirements of subsection (6) into subsection (3). Rather, subsection (3) simply requires that Labcorp notify Baldwin of his statutory right to have information about his dispute accompany Labcorp's third-party disclosure of information affecting his creditworthiness—as and to the extent that statutory right is set forth in subsection (6). *See id.*

6

2.

Generally, "[t]he scope-of-subparts canon provides that '[m]aterial within an indented subpart relates only to that subpart . . . .'" *Scherer v. Volusia Cnty. Dep't of Corr.*, 171 So. 3d 135, 141 (Fla. 1st DCA 2015) (Ray, J., dissenting) (quoting Scalia and Garner, *Reading Law* at 156). Thus, under this canon of interpretation, subsection (6)'s requirement that Labcorp knew the debt to be "reasonably disputed" governs its disclosure of the debt to third parties—and not its communications to debtors under subsection (3).

Nonetheless, Labcorp argues that because section 559.72(3) includes the modifying clause "as required by subsection (6)," Labcorp had to know Baldwin's debt dispute was reasonable before it was required by subsection (3) to notify Baldwin that any disclosure to a collections agency would be accompanied by the disclosure of his dispute. This argument is contrary to the proper interpretation of the statute.

The last antecedent canon "is a rule of grammatical construction providing that 'relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote.'" *Mercury Indem. Co. of Am. v. Cent. Fla. Med. & Chiropractic Ctr., Inc.*, 380 So. 3d 477, 480 (Fla. 5th DCA 2023) (quoting *Principal Life Ins. Co. v. Halstead as Tr. of Rebecca D. McIntosh Revocable Living Tr.*, 310 So. 3d 500, 503 (Fla. 5th DCA 2020)). Absent being "overcome by other indicia of meaning," interpreting a statute "in accord with the rule is quite sensible as a matter of grammar." *See Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (internal quotation marks omitted); *see also Mercury Indem. Co. of Am.*, 380 So. 3d at 480.

Here, the qualifying phrase "as described by subsection (6)" in section 559.72(3) is immediately preceded by the word "disclosed." *See* § 559.72(3), Fla. Stat. Importantly, that is the same word used in subsection (6) governing Labcorp's communication with third parties, which requires Labcorp to disclose the debtor's dispute along with the existence of the debt when it knows the debt is "reasonably disputed." *See* § 559.72(6), Fla. Stat. Thus, consistent with the last-antecedent canon, the requirements of subsection (6)

7

apply only to such disclosures to third parties. The clause simply does not reach the more remote antecedent of subsection (3) regarding Labcorp's obligation to "[tell] a debtor who disputes a debt" that information affecting his creditworthiness will be disclosed to others.

3.

Finally, our interpretation of section 559.72(3) is consistent, not only with the immediate context of the section's text and other subparts, but with the broader context of the Act as a whole and its expressed purpose to protect consumer debtors. "[T]he purpose of the text . . . is a vital part of its context." Scalia & Garner, *Reading Law* at 33. The statute's purpose "is to be gathered only from the text itself, consistently with the other aspects of context." *Mercury Indem. Co. of Am.*, 380 So. 3d at 481 (quoting Scalia & Garner, *Reading Law* at 33). That purpose both informs and guides our interpretation. *See Raik v. Dep't of Legal Affs., Bureau of Victim Comp.*, 344 So. 3d 540, 543 (Fla. 1st DCA 2022).

The purpose of the Act is to afford consumers protections in their relationships with those who seek to collect a debt. *See* § 559.552, Fla. Stat.; *see also Harris*, 338 So. 2d at 200–01; *LeBlanc*, 601 F.3d at 1192. Subsection (3)'s requirement that Labcorp notify any debtor who disputes a debt of the protections as provided by subsection (6) is one means by which Florida law effects the Act's purpose.

III.

To accept Labcorp's argument in this case—that it had to know Baldwin's dispute was reasonable before subsection (3) required it to notify him of his rights under subsection (6)—would require us to engraft by implication that which the Florida Legislature did not write with its pen. This, we will not do.

Since Labcorp's obligation to notify Baldwin under subsection (3) is not dependent upon Labcorp's knowledge that the dispute is reasonable, Baldwin is not required to allege such knowledge in his complaint. Thus, the trial court erred in dismissing the case.

Accordingly, the trial court's order dismissing with prejudice Baldwin's second amended complaint is REVERSED. This cause is REMANDED for further proceedings consistent with this opinion.[2]

It is so ordered.

BOATWRIGHT and KILBANE, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

––––––––––––

[2] In deciding this case, we express no opinion as to any matter regarding the purported class, certification thereof, or the merits of Baldwin's cause.